UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


OTIS WILLIAMS, III,

          Petitioner,

v.                                                    CASE NO. 04-CV-72711-DT
                                                      HONORABLE ARTHUR J. TARNOW
THOMAS K. BELL,

          Respondent.
_____/

## <u>ORDER DISMISSING HABEAS CORPUS PETITION</u><br><u>AND</u><br><u>DENYING RESPONDENT'S DISPOSITIVE MOTION AS MOOT</u>

Petitioner Otis Williams has filed a *pro se* application for the writ of habeas corpus under 28 U.S.C. § 2241. The habeas petition purports to attack Petitioner's state sentence of twelve to thirty years for carjacking, armed robbery, and felony firearm.

Also pending before the Court is Respondent's motion for summary judgment and dismissal on the ground that Petitioner has failed to comply with the statute of limitations. The Court believes that the habeas petition is an unauthorized second or successive petition. Thus, the petition will be dismissed without prejudice.

### I. Background

Petitioner was convicted on April 9, 1998, of carjacking, Mich. Comp. Laws § 750.529a, armed robbery, Mich. Comp. Laws § 750.529, and felony firearm, Mich. Comp. Laws § 750.227b. He was sentenced as a habitual offender on May 5, 1998, to

*Williams v. Bell*, No. 04-CV-72711-DT

imprisonment for twelve to thirty years. The Michigan Court of Appeals affirmed his

convictions, *see People v. Williams*, No. 213403 (Mich. Ct. App. Feb. 4, 2000), and on

October 30, 2000, the Michigan Supreme Court denied leave to appeal. *See People v.*

*Williams*, 463 Mich. 902; 618 N.W.2d 914 (2000) (table).

On or about May 25, 2001, Petitioner filed a motion for relief from judgment. The

trial court denied the motion because Petitioner presented issues that could have been

raised on appeal. The Michigan Court of Appeals denied leave to appeal the trial court's

decision, because Petitioner had failed to meet the burden of establishing entitlement to

relief under Michigan Court Rule 6.508(D). *See People v. Williams*, No. 240519 (Mich.

Ct. App. August 15, 2002). On February 28, 2003, the Michigan Supreme Court denied

leave to appeal for the same reason. *See People v. Williams*, 468 Mich. 854; 658 N.W.2d

490 (2003) (table).

Petitioner submitted his first habeas corpus petition on April 15, 2003. The Court

recently denied the petition on the merits. *See Williams v. Jamrog*, No. 03-CV-71545-DT

(E.D. Mich. Apr. 6, 2005) (Tarnow, J.).

Petitioner initiated this action on July 20, 2004.[1] The pending habeas petition

challenges the same convictions that were the subject of the first petition.

---

[1] The petition was signed on February 14, 2004.

2

*Williams v. Bell*, No. 04-CV-72711-DT

## II. Discussion

Section 2244 of Title 28, United States Code, requires an individual seeking to file a second or successive habeas petition to ask the appropriate court of appeals for an order authorizing the district court to consider the petition. *See* 28 U.S.C. § 2244(b) (3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998). The provisions of § 2244 apply to habeas petitions brought by state prisoners under § 2241 even though § 2244(b) refers only to § 2254 habeas petitions. *Long v. Kentucky*, 80 Fed. Appx. 410, 414 (6th Cir. Aug. 21, 2003), *cert. denied*, 540 U.S. 1221 (2004).

The pending petition apparently is a second or successive petition, and Petitioner has not alleged or otherwise shown that he sought and received permission to file a second or successive habeas petition. Although the Court ordinarily would transfer a subsequent habeas petition to the Court of Appeals pursuant to 28 U.S.C. § 1631 and *Sims v. Terbush*, 111 F.3d 45, 47 (6th Cir. 1997), the habeas petition appears to be both time-barred and wholly frivolous.[2] Accordingly, the habeas corpus petition [Doc. #1] is **DISMISSED** without prejudice. Respondent's motion for summary judgment and

---

[2] Petitioner seeks release from custody on the basis of an alleged violation of the Uniform Commercial Code (UCC). The UCC is not relevant to Petitioner's state conviction, and it is not federal law. *Gilbert v. Monaco Coach Corp.*, 352 F. Supp. 2d 1323, 1329 (N.D. Ga. 2004); *Motorola, Inc. v. Perry*, 917 F. Supp. 43, 48 n.5 (D.D.C. 1996). The writ of habeas corpus may be granted only if the petitioner is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. §§ 2241(c)(3) and 2254(a); *Estelle v. McGuire*, 502 U.S. 62, 68 (1991).

*Williams v. Bell*, No. 04-CV-72711-DT

dismissal [Doc. #9] is denied as moot.


s/Arthur J. Tarnow_____
Arthur J. Tarnow
United States District Judge

Dated:  September 8, 2005

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 8, 2005, by electronic and/or ordinary mail.

s/Catherine A. Pickles_____
Judicial Secretary

4